GREGORY J. NEWMAN (SBN 169057)
gnewman@selmanlaw.com
HEE SUNG YOON (SBN 251612)
hyoon@selmanlaw.com
SELMAN BREITMAN LLP
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025-6546
Telephone: 310.445.0800
Facsimile: 310.473.2525

Attorneys for Plaintiff ALLIED WORLD SURPLUS LINES INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLIED WORLD SURPLUS LINES INSURANCE COMPANY, an Arkansas corporation,<br><br>Plaintiff,<br><br>v.<br><br>NORHOLM BUILDERS, INC., a California corporation; SUZANNE HIATT, an individual; BRAD MILLER, an individual;  and DOES 1 THROUGH 10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE REIMBURSEMENT**<br><br>Judge: |

Plaintiff ALLIED WORLD SURPLUS LINES INSURANCE COMPANY ("Allied World") pleads the following allegations:

1. This is an insurance coverage action concerning the rights and duties owed under a commercial general liability policy for an underlying third party lawsuit that alleges injuries sustained during the course and scope of employment.

## THE PARTIES

2. Allied World is and at all relevant times was, a corporation organized

under the laws of the state of Arkansas, with its principal place of business in New York. Allied World is and at all relevant times, was authorized to issue insurance policies as a surplus lines insurance carrier in the State of California.

3. Allied World is informed and believes and based thereon alleges that NORHOLM BUILDERS, INC. ("Norholm") is a corporation organized under the laws of California, with its principal place of business in California. Allied World is informed and believes and based thereon alleges that Norholm is a licensed general contractor.

4. Allied World is informed and believes and based thereon alleges that SUZANNE HIATT ("Hiatt") is an individual domiciled in the State of California. Allied World is informed and believes and based thereon alleges that Hiatt is the owner of single-family residence located at 1975 St. Thomas Ave., Cambria, CA 93428 (the "Property"). Allied World names Hiatt as a defendant solely for the purpose of binding her to any judgment rendered herein under the first cause of action. As such, Allied World will dismiss Hiatt if she agrees to be bound by any such judgment.

5. Allied World is informed and believes and based thereon alleges that BRAD MILLER ("Claimant") is an individual domiciled in the State of California. Allied World names Claimant as a defendant solely for the purpose of binding him to any judgment rendered herein under the first cause of action. As such, Allied World will dismiss Claimant if he agrees to be bound by any such judgment.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-10, inclusive, are unknown to Allied World, which therefore brings suit against said Defendants by such fictitious names. Allied World will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Allied World is informed and believes that each of the Defendants named as DOES 1-10,

inclusive, is liable to Allied World or has an interest in this litigation for the matters alleged below.

## JURISDICTION AND VENUE

7. The Court has original jurisdiction under 28 U.S.C. § 1332(a) since complete diversity exists between the Plaintiff and Defendants as alleged above, and the claims are in excess of $75,000. In this regard, Claimant partially amputated three of his fingers and filed a lawsuit against Allied World's insured, Norholm. Allied World is seeking a declaration that it is not required to defend or indemnify Norholm for this loss.

8. Venue lies with this Court under 28 U.S.C. § 1391 since one or more defendant resides in this judicial district, a substantial part of the events which are the subject of this complaint took place in this judicial district and the underlying lawsuit is pending in this judicial district.

## GENERAL ALLEGATIONS

### The Bodily Injury

9. Allied World is informed and believes and based thereon alleges that on July 13, 2019, Norholm entered into a written contract with Hiatt, whereby Norholm agreed to perform repair and remodel work at the Property (the "Project").

10. Allied World is informed and believes and based thereon alleges that in connection with the Project, Norholm hired Claimant to perform framing work at the Project. Allied World is also informed and believes and based thereon alleges that Claimant is not a licensed contractor. Allied World is further informed and believes and based thereon alleges that Claimant was paid as an independent contractor and Claimant provided all materials and equipment for his work on the Project.

11. Allied World is informed and believes and based thereon alleges that

Selman Breitman LLP
ATTORNEYS AT LAW

3559 48144 4845-9001-8239 .v1

on July 23, 2019, while Claimant was working on the Project, Claimant partially amputated three fingers on his hand while using a saw.

## The Underlying Lawsuit

12. On April 10, 2020, Claimant filed a lawsuit entitled *Brad Miller v. Norholm Builders, Inc., et al*. in the Superior Court of California, for the County of San Luis Obispo, Case No. 20CV-0209, against Norholm and Hiatt, alleging two causes of action for general negligence and premises liability (the "Underlying Action").

13. The complaint in the Underlying Action alleged that on July 23, 2019, Claimant was working on the Project, in the course and scope of his employment with Norholm, when he severely injured his left hand, resulting in partial amputation of three fingers. The complaint in the Underlying Action further alleged that Norholm did not maintain the required workers' compensation insurance and therefore Claimant is entitled to obtain tort damages.

14. On July 7, 2020, Hiatt filed a cross-complaint against Norholm, asserting four causes of action for: 1) indemnification; 2) apportionment of fault; 3) declaratory relief; and 4) attorneys' fees.

## The Insurance Policy

15. Allied World issued to Norholm commercial general liability insurance policy number 5057-2968, effective September 3, 2018 to September 3, 2019 (the "Policy"). Coverage A of the Policy provides coverage for "bodily injury" caused by an "occurrence" that occurs during the Policy period.

16. Under Coverage A – Bodily Injury and Property Damage Liability, the Policy contains exclusions that states that this insurance shall not apply to:

    d.    Workers' Compensation and Similar Laws

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

4

e.  Employer's Liability

"Bodily injury" to

(1) An "employee" of the insured arising out of and in the course of

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

17. Allied World agreed to defend Norholm in the Underlying Lawsuit under a reservation of rights and offered to provide Norholm with independent counsel under Civil Code §2860.

## FIRST CAUSE OF ACTION

### (Declaratory Relief - Against All Defendants)

18. Allied World hereby incorporates by reference Paragraphs 1-15 as though fully set forth herein.

19. An actual, present and justiciable controversy has arisen and now exists between the Allied World and Defendants concerning the rights, duties and obligations owed under the Policy with respect to the Underlying Action.

20. Allied World contends that there is no coverage under the Policy for the Underlying Action since Claimant was an employee of Norholm. As such, the workers compensation exclusion and/or the employer's liability exclusion apply to preclude coverage.

21. Allied World is informed and believes, and on that basis alleges, that

3559 48144 4845-9001-8239 .v1

Defendants dispute Allied World's contentions and incorrectly believe that there is coverage for the Underlying Action under the Policy.

22. Allied World contends that declaratory relief is both necessary and proper at this time and the court can adjudicate the parties' rights and obligations under the Policy.

## SECOND CAUSE OF ACTION

### (Equitable Reimbursement – Against Norholm)

23. Allied World hereby incorporates by reference Paragraphs 1-20 as though fully set forth herein.

24. Allied World has provided and continues to provide a defense to Norholm in the Underlying Action under the Policy and offered to provide Norholm with independent counsel.

25. Allied World's defense of Norholm was provided and is being provided under a reservation of rights, including the right to seek reimbursement of defense fees and costs incurred by Allied World in the event it is found that there was never a potential for coverage, as allowed by the California Supreme Court in *Scottsdale Insurance Co. v. MV Transp.*, 36 Cal.4th 643 (2005) and/or the right to seek an allocation and reimbursement of defense fees paid to defend non-covered allegations as authorized by the California Supreme Court in *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

26. Allied World seeks reimbursement of all costs it incurs to defend Norholm in the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE Allied World prays judgment as follows:

1. A declaration that the claims alleged in the Underlying Action are not covered under the Policy.

2. A monetary judgment for the amount of all fees and costs Allied

3559 48144 4845-9001-8239 .v1

1  World incurs to defend Norholm in the Underlying Action.

2      3.    For costs of suit herein.

3      4.    For prejudgment interest.

4      5.    For such other and further relief as the Court may deem just and proper.

Dated: July 28, 2020    SELMAN BREITMAN LLP

By: */s/ Gregory J. Newman*
GREGORY J. NEWMAN
HEE SUNG YOON
Attorneys for Plaintiff ALLIED WORLD SURPLUS LINES INSURANCE COMPANY

7

3559 48144 4845-9001-8239 .v1